UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMY J. BRINK,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, individual and official capacity; PENNINGTON COUNTY 24-7 PROGRAM ADMINISTRATOR, individual and official capacity,<br><br>Defendants. | 5:26-CV-05034-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER ORDER DIRECTING PLAINTIFF TO PAY AN INITIAL PARTIAL FILING FEE AND 1915A SCREENING |

Plaintiff, Jeremy Brink, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Brink's motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee of $46.71. Docket 5 at 1-2. To date, Brink has not paid the initial partial filing fee, but he has sent numerous letters to the court as well as a motion requesting that the initial partial filing fee be waived. Dockets 6, 8, 9, 10.

## I. Initial Partial Filing Fee

Along with his motion to proceed in forma pauperis, Brink submitted a prisoner trust account report. Docket 3. Based on the information in the prisoner trust account report, the court correctly calculated that Brink owed an initial partial filing of $46.71. *Id.*; 28 U.S.C. § 1915(b)(1). But Brink contends

that he lacks sufficient funds to pay the initial partial filing fee and requests that the initial partial fee be waived. Dockets 6, 8, 9, 10. The court liberally construes Brink's submissions as a motion to reconsider the order directing him to pay an initial partial filing fee, which is granted for the following reasons.

The prisoner trust account report states the amount of Brink's average monthly deposits and average monthly balance for the past six months, but the attached statements cover only 21 days–March 5, 2026 to March 26, 2026. Docket 3 at 2-5; *see also* Docket 8 (stating that Brink's average monthly deposits was based on less than 6 months and that there have been no deposits since Brink was incarcerated). After reviewing the account statement attached to Brink's prisoner trust account report, the court agrees that the amounts reported as six-month average balances were not actually based on a six-month period of time because Brink was not incarcerated until March 5, 2026, three weeks before he filed his complaint, motion for leave to proceed in forma pauperis, and prisoner trust account report. Of note, the initial partial filing fee amounted to almost half of the current balance in Brink's prison trust account when the prisoner trust account report was completed.

"In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which the pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Brink states that he does not have any way to pay the initial partial fee. Dockets 8, 9, 10. Brink's statements are credible. On April 13, 2020, when the court directed Brink to

pay an initial partial filing fee, the court also ordered that whenever the amount in Brink's trust account exceeds $10.00, the institution having custody of Brink forward monthly payments to the District of South Dakota pursuant to 28 U.S.C. § 1915(b)(2). Docket 5 at 2. The docket does not reflect that the District of South Dakota has received any monthly payments since Brink was ordered to pay an initial partial filing fee. Thus, the court concludes that the balance in Brink's prisoner trust account quickly dwindled after the filing of his prisoner trust account report and has not exceeded $10.00 since shortly after this action was commenced.[1] Because Brink has no means to pay an initial partial filing of $46.71 in this action, his requests to waive the initial partial filing fee, which this court liberally construes collectively as a motion to reconsider the order directing Brink to pay an initial partial fee of $46.71, is granted.

But because Brink, a prisoner, has been granted leave to proceed in forma pauperis, the Prison Litigation Reform Act requires that he pay the full $350 civil filing fee. 28 U.S.C. § 1915(b)(1). In order to pay his filing fee, Brink must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places

---

[1] The court takes judicial notice of a prisoner trust account report that was filed in another action Brink has pending in the District of South Dakota. According to that prisoner trust account report, on April 15, 2026 (two days before the court issued an order directing Brink to pay an initial partial filing fee in this case), the balance in Brink's prison trust account was $0.01. *Brink v. Mueller*, 5:26-CV-05046-CBK, Docket 3 at 1 (D.S.D. Apr. 23, 2026).

the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Brink's institution. Brink remains responsible for the entire $350 filing fee as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

Brink sues Sheriff Brian Mueller and the 24-7 Program Administrator in both their individual and official capacities. Docket 1 at 2. He brings claims against both defendants for violating his Fourteenth Amendment rights. *Id.* at 4, 5. Brink seeks monetary relief. *Id.* at 7.

Brink claims he "was released from Pennington [County] Jail on Nov[ember] 25, 2025[,]" with a condition that he participate in the 24-7 Program. *Id.* at 4. When Brink "tried to participate[,]" he "was told to give them the $10.00 fee or [he] would be arrested and returned to jail." *Id.* Because Brink had no money to pay the fee, he left and was later arrested on a warrant "for failure to comply [with the] 24-7 program." *Id.* The complaint states that the 24-7 Program Administrator acted under color of state law by following the

rules of the program and the Pennington County Sheriff acted under color of state law by enforcing those same rules. *Id.* at 2. As a result of his incarceration, Brink was unable to obtain his medications for PTSD and bipolar depression or receive treatment. *Id.* at 4-5.

**B. Legal Background**

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Brink's claims under 28 U.S.C. § 1915A.

**C. Legal Analysis**

"[A] § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.' " *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)). "[T]o prevail on a Fourteenth Amendment due process claim, [a plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003) (citations omitted). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "A liberty interest inherent in the Due Process Clause arises when a person has substantial, albeit conditional, freedom such as when he is on

probation or parole." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996) (citation omitted).

**1. Individual Capacity Claims**

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citation omitted). Brink's individual capacity claims must allege that Mueller and the 24-7 Program Administrator either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Brink states that Sheriff Mueller and the 24-7 Program Administrator deprived him of his liberty by placing him in jail due to his lack of funds for the 24-7 Program, which was a condition of his release from the Pennington County Jail on November 25, 2025. Docket 1 at 4. The complaint does not explain the county's process afforded to Brink prior to his incarceration beyond the fact that, once Brink could not pay the $10.00 fee, a bench warrant was issued for his arrest. *Id.* Brink states "no amount of money" will "make up for the stress and anguish [he] has gone [through.]" *Id.* at 5. Although Brink's

claims are underdeveloped, this court cannot conclude at this stage that Brink's Fourteenth Amendment claims are wholly without merit due to Mueller and the 24-7 Program Administrator's alleged direct involvement in the deprivation of Brink's liberty through incarceration for failure to pay the 24-7 Program fees. Thus, Brink's Fourteenth Amendment claims against both Mueller and the 24-7 Program Administrator in their individual capacities for money damages survive § 1915A screening.

**2. Official Capacity Claims**

Brink sues Mueller and the 24-7 Program Administrator in their official capacities seeking monetary relief. Docket 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Brink's official capacity claims against defendants are construed as claims against Pennington County itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); Docket 1 at 2.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th

Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). But the complaint need not "specifically plead the existence of an unconstitutional policy[.]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). Rather, the complaint must include some language that would support the existence of an unconstitutional policy. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Brink alleges that defendants were following and enforcing Pennington County's 24-7 Program rules that deprived him of his civil rights. Docket 1 at 2-3. Also, Brink states Mueller and the 24-7 Program Administrator took part in arresting him due to his lack of funds for the 24-7 Program. *Id.* at 3-4. The program that resulted in an alleged constitutional violation suffices to establish a "persistent, widespread pattern of unconstitutional misconduct" by the defendants. *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 651 (8th Cir. 2025) (citation omitted). Because Brink has alleged facts that support a claim that Pennington County has executed a program resulting in alleged due process violations and that defendants were personally involved in enforcing this program's requirements, his official capacity claims against Mueller and the 24-7 Program Administrator survive § 1915A screening.

**D. Motion for Appointment of Counsel**

Brink has requested court-appointed counsel. Docket 7; Docket 10. But "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir.

1998). Under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel to a pro se civil litigant, this court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Stevens*, 146 F.3d at 546. Brink's claims are not complex, and the record demonstrates that he is able to investigate the facts and present his claims adequately.[2] This court believes that Brink is capable of pursuing his claims pro se at this phase of litigation, and his motions for appointment of counsel, Docket 7 and Docket 10, are denied at this time.

**III. Conclusion**

Thus, it is ORDERED:

1. That Brink's requests, Dockets 8, 9, 10, that the court reconsider the order directing him to pay an initial partial fee of $46.71 are granted. Because the record demonstrates that Brink does not have the means to pay an initial partial filing fee, he is not required to do so. But Brink remains responsible for the entire $350 filing fee as long as he is a prisoner.
2. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Brink's institution.

---

[2] Brink inquired about being assigned the plaintiffs' attorney from a related class action, *Lookingback v. Mueller*, 5:23-CV-05065-CCT (D.S.D. 2023). Docket 7. In that case, the court did not appoint counsel. Rather, the plaintiffs contacted the attorney, who filed the complaint on their behalf.

3. That the institution having custody of Brink is directed that whenever the amount in Brink's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Brink's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.
4. That Brink's Fourteenth Amendment due process claims against Sheriff Mueller and the 24-7 Program Administrator, in their individual capacities, for money damages survive § 1915A screening.
5. That Brink's Fourteenth Amendment due process claims against Sheriff Mueller and the 24-7 Program Administrator, in their official capacities, survive § 1915A screening.
6. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Brink so that he may cause the complaint to be served upon Mueller and the 24-7 Program Administrator.
7. That Brink shall complete and send the Clerk of Court a separate summons and USM-285 form for both defendants within 30 days of the date of this order. Failure to do so may result in the dismissal of Brink's complaint without prejudice for failure to prosecute.

8. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1) and this order upon both defendants.

9. That both defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

10. That Brink's motions for appointment of counsel, Docket 7 and Docket 10, are denied.

11. That Brink will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated October 26, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE